

# NUMBER 13-24-00379-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COURTNEY BROOKS VANN,                                                    Appellant,

v.

ERIC PACINO SOLIS,                                                            Appellee.

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

On July 26, 2024, appellant Courtney Brooks Vann filed a pro se notice of appeal from an "interlocutory order entered on June 6,[ ]2024, Order o[n] Motion for A[l]ternative Service." On August 3, 2024, appellant filed an amended notice of appeal stating that she was appealing a list of rulings and orders including an April 27, 2023 final decree of divorce; a May 21, 2024 order pertaining to, *inter alia*, the distribution of funds, the

discharge of a receiver, and sanctions; a May 24, 2024 order regarding alternative service; a May 28, 2024 order setting a hearing; and a May 30, 2024 order resetting a hearing. Appellant's notice of appeal further addressed various other issues, such as minority shareholder rights, standing, and stare decisis.

On September 12, 2024, the Clerk of the Court notified appellant that it appeared that there was not a final, appealable order. The Clerk requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days. *See* Tex. R. App. P. 37.1, 42.3(a), (c). On September 24, 2024, the Clerk again notified appellant regarding this defect, requested correction of the defect, and advised appellant that the appeal would be dismissed within ten days if the defect was not corrected. *See id.* To date, appellant has not responded to the Clerk's directives or corrected the defect in her appeal.

"'Courts are empowered to note potential jurisdictional defects sua sponte,' and by doing so, a court 'discharges its duty to ensure that the court itself is functioning in an authorized and properly judicial capacity.'" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)). Generally, appeals may be taken only from final judgments. *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Statutes that specifically authorize interlocutory appeals provide an exception to this general rule. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex.

2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Appellant has not shown that she is appealing from a final judgment or that her appeal is otherwise authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JENNY CRON
Justice

Delivered and filed on the
6th day of February, 2025.